UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 08-650-JBC

RANDY MILBY and
FREDDIE MILBY, PLAINTIFFS,

V. **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to amend the complaint (R. 26). The court will grant the motion as unopposed as to Paragraphs 13(a) and (b) of the proposed amended complaint. The court will deny the motion as to proposed Paragraphs 13(c) through (e), because the plaintiff failed to specify the allegations in those paragraphs in the related administrative claim.

**I. BACKGROUND**

Holland Clell Milby fell from his bed and broke his leg while he was hospitalized at the Veterans Affairs Medical Center in Louisville. Milby suffered complications from the broken leg and eventually died. Milby's Estate filed with the VA an administrative claim, in which the Estate argued, in relevant part, as follows:

> [T]he VA Medical Center staff was negligent by failing to properly supervise Milby while hospitalized there and by failing to provide proper mechanisms to prevent Milby from suffering from falls. These failures led to the serious leg fracture suffered by Milby and the further complications from that leg fracture resulted in Milby's death.

R. 26 Ex. B-1.

The VA denied the claim. The VA's denial letter provided, in relevant part, as follows: "We have conducted an investigation of the claim and have concluded that there was no negligence nor violation of the standard of care . . . with respect to the medical treatment afforded Mr. Milby." R. 26 Ex. B-2.

The Estate filed this action. In its complaint, the Estate alleged that VA Medical Center employees "negligently and carelessly deviated from standards of medical care[,] causing injury and death to Milby." R. 1 ¶ 13. The Estate, however, did not specify how VA Medical Center employees deviated from the standards of medical care.

The Estate now seeks to provide more specificity. The Estate's proposed amended complaint contains five new allegations in Paragraph 13:

(a) VA Medical Center employees failed to adequately assess Milby's fall risk upon Milby's admission;

(b) VA Medical Center employees failed to implement an adequate and appropriate fall prevention program as part of Milby's plan of care;

(c) VA Medical Center employees failed to diagnose and/or treat Milby's fractures;

(d) VA Medical Center employees failed to discuss Milby's injuries and treatment options with Milby or his family; and

(e) VA Medical Center employees failed to adequately chart the treatment

received by Milby. R. 26 Ex. A ¶ 13.

The United States does not appear to oppose adding Paragraphs 13(a) and (b), which concern VA Medical Center employees' alleged failure to prevent Milby from falling and were the subject of the Estate's administrative claim. The court, therefore, will grant the motion to amend as unopposed as to Paragraphs 13(a) and (b).

The United States does oppose adding Paragraphs 13(c) through (e), which relate to the orthopaedic care Milby received after the fall (Paragraph 13(c)); medical staff's alleged failure to communicate with Milby or his family (Paragraph 13(d)); and an alleged failure with regard to charting (Paragraph 13(e)). R. 31 at 3. The United States casts these allegations as new negligence claims that the Estate failed to specify in its administrative claim. As a result, the United States argues, the Estate failed to exhaust its administrative remedies with respect to the new allegations and the court lacks subject-matter jurisdiction to adjudicate them.

## II. DISCUSSION

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). An exception to that rule is when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would prohibit the complaint from surviving a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic*

*Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

The Estate's proposed amendments would be futile. Before filing this action, the Estate had to present its claim to the VA and the claim must have been finally denied. 28 U.S.C. § 2675. The Estate met the requirements of Section 2675 if it provided the VA written notice of the claim and placed a value on the claim. *Douglas v.United States*, 658 F.2d 445, 447 (6th Cir. 1981).

The Estate failed to provide the VA written notice of the claims in proposed Paragraphs 13(c) through (e). In its administrative claim, the Estate asserted that VA Medical Center employees were negligent because they failed to "properly supervise Milby while hospitalized there and by failing to provide proper mechanisms to prevent Milby from suffering from falls." R. 26 Ex. B-1. The Estate mentioned nothing about the orthopaedic care Milby received after the fall; medical staff's lack of communication with Milby or his family; or a failure with regard to charting. The Estate is attempting to introduce new facts that it never raised before the VA. As a result, the Estate fails to satisfy the presentment requirement of Section 2675. *Cf. Schock v. United States*, 21 F. Supp.2d 115, 124 (1st Cir. 1998).

The Estate had an obligation to provide enough specificity that a legally trained reader at the VA could have inferred that orthopaedic care, lack of communication, and charting were possible grounds of suit. *See Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996). The Estate drafted its administrative

claim too narrowly to alert a reader – even a legally trained reader – that those claims were in play.

The Estate argues for a liberal construction of the presentment requirement. *See generally Douglas, supra*. The Estate's proposed amendments, however, fail to meet even the threshold established in *Douglas*. The parties in *Douglas* did not dispute that the plaintiff provided the agency proper notice that he was asserting a claim for medical expenses he incurred after injuring his ankle on government property. *See id.* at 446-47. The parties disputed whether the plaintiff provided the agency sufficient evidence of his claim after the plaintiff failed to submit medical and insurance records that the agency requested. *Id*. The plaintiff in *Douglas* did not sue based on facts that he failed to raise before the agency.

The Estate suggests that the broad language of the VA's denial letter – the VA denied liability "with respect to the medical treatment" that Milby received – is evidence that the VA actually investigated orthopaedic care, lack of communication, and charting as possible claims. R. 26 Ex. B-2. That inference is speculation. The Estate, in any event, bore the burden to provide sufficient specificity in its claim; it had to do more than force the government to sift through the record. *Harvey v. United States*, No. 3:09-cv-122-S, 2010 WL 2010488, at *3 (W.D. Ky. May 20, 2010) (citation and quotation omitted).

As a final matter, the court notes that the United States argues the court lacks subject-matter jurisdiction to hear the new negligence claims because of the

5

Estate's failure to comply with Section 2675. Many courts have characterized Section 2675 as a jurisdictional prerequisite to filing suit. *See, e.g., Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *Thompson v. Small Bus. Admin.*, 8 Fed. App'x 547, 548 (6th Cir. 2001). The court, however, need not and does not address whether Section 2675 is jurisdictional.

This court must not make "drive-by jurisdictional rulings," which are erroneous jurisdictional rulings made when subject-matter jurisdiction is not central to a case. *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243-44 (2010) (citations omitted). The United States could move to dismiss the Estate's new claims pursuant to Federal Rule of Civil Procedure 12(b)(6) even if the United States could not rely on Rule 12(b)(1). The court, therefore, need not address subject-matter jurisdiction to resolve the motion to amend. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to amend the complaint (R. 26) is **GRANTED IN PART** to the extent that the plaintiff may add proposed Paragraphs 13(a) and (b) to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (R. 26) is **DENIED IN PART** to the extent that the plaintiff is barred from adding proposed Paragraphs 13(c) through (e) to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall file its amended complaint within fourteen days of the date of this order. The defendant's time to file its responsive pleading, move, or otherwise respond to the complaint shall run

according to the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the parties shall file a proposed scheduling order for the remainder of this action within fourteen days of the date of this order.

Signed on  August 12, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**