UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 08-650-JBC

RANDY MILBY and
FREDDIE MILBY,                                                                           PLAINTIFFS,

V.                       **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA,                                                         DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the United States' motion *in limine* to exclude the testimony of Nancy Dion (R. 45). The court, having reviewed the arguments of counsel and being otherwise sufficiently advised, will deny the motion.

Dion is qualified to testify regarding the appropriate nursing standard of care the VAMC staff and hospital owed to Holland Milby and regarding the effects a fall would have on a patient like Milby, due to her knowledge, skill, training, experience, and education. *See* FED. R. EVID. 702, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-529 (6th. Cir. 2008). Ms. Dion has over forty-five years of varied experience in the nursing and healthcare industry. She is a registered nurse in New Jersey and Florida, a certified legal nurse consultant, a certified professional in healthcare quality, a certified health care risk manager, a licensed nursing home administrator, and a licensed assisted living facility administrator. She is currently employed by C.D. Consulting

in Florida where she performs psychiatric, long-term care, and rehabilitation facility administrative consulting as well as legal services for both records review and expert testimony. She works as a part-time visiting nurse providing patient services and documentation for two Florida home health agencies.

Second, Dion's testimony is relevant because it will assist the trier of fact in understanding the evidence and determining facts in issue. *See id.* Dion's testimony concerns the applicable nursing standard of care a hospital must exercise to prevent patient falls. Expert testimony is required under Kentucky law to prove the "duty" and "breach" elements in a medical malpractice case, s*ee Hamby v. Univ. of Ky. Medical Center*, 844 S.W.2d 431, 434 (Ky Ct. App. 1992); *Harmon v. Rust*, 420 S.W.2d 562, 564 (Ky. 1967), and Dion's testimony will provide a standard by which the jury may determine whether the hospital breached its duty to Milby. Dion's testimony regarding the effects Milby's injury had on his general health and decline will assist the jury to determine the damages element of the claim.

Third, Dion's expected testimony is reliable. *See* FED. R. EVID. 702, *Kumho Tire*, 526 U.S. 137; *In re Scrap Metal*, 527 F.3d at 528-529. Dion reviewed Milby's hospital records and the deposition transcripts of the nurses who were present when the injury occurred, and her conclusions are based on her experience and education as a nurse. The United States argues that Dion's conclusions are unreliable because they cannot be scientifically validated; however, while the ability

to test an expert's theory and whether that theory has been validated by the relevant scientific community are two of the factors of reliability to be considered, *see Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 593 (1993), the *Daubert* factors are not "'a definitive checklist or test,' but may be tailored to the facts of a particular case." *In re Scrap Metal*, 527 F.3d at 529 (quoting *Kumho Tire*, 526 U.S. at 150). The United States further argues that Dion's conclusions are unreliable because she is not familiar with community standards regarding falls prevention in medical facilities as of 2004, because she has not performed nursing duties in a hospital setting in over ten years, and because during her deposition she expressed a belief that any time a patient falls in a hospital, someone has breached his or her responsibility and a standard of care to the patient. The United States characterizes this as a belief that hospitals should be strictly liable for patient falls. These arguments asserting the weakness of Dion's expert opinion go toward the weight of her testimony rather than its admissibility, *see McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000), and the defendants will have an opportunity to cross-examine Dion on matters raised during direct examination, which may include the issues above.

Due to Dion's qualifications and the relevancy and reliability of her expected testimony, she will be allowed to testify. Accordingly,

**IT IS ORDERED** that the United States' motion *in limine* (R.45) is **DENIED**.

Signed on August 15, 2011

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**