UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-650-JBC**

**RANDY MILBY and**
**FREDDIE MILBY,** **PLAINTIFFS,**

**V.** **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the United States' motion for summary judgment (R. 46). The court will deny the motion because there are genuine issues of material fact regarding Holland Milby's fall and the resulting injuries he allegedly sustained at the Veterans Affairs Medical Center in 2004.

Milby was admitted to the VAMC in Louisville, Kentucky, for hypoglycemia on September 25, 2004. He could neither walk nor answer questions appropriately upon his arrival. He was administered the Morse Fall Risk Assessment and was found to be at a high risk for falling. At 6:30 p.m. that same day, medical records indicate, Milby had pulled off his condom catheter, requiring a total bed change. At 7:30, an aide contacted the nurses' station and reported that Milby was on the floor in front of his bed in urine. The condom catheter was still in place, but the tubing and the bag were still attached to the bed. As a result of the fall, Milby fractured his proximal right tibial plateau. The plaintiffs assert that the fracture was a contributing factor in his death the following January. Randy Milby and Freddy

Milby, as co-executors of Holland Milby's estate, brought this action under the Federal Tort Claims Act after exhausting their administrative remedies, asserting that the VAMC violated its duty of ordinary care in allowing Milby to fall out of his bed.

The United States' motion for summary judgment is grounded on the argument that the plaintiffs have failed to meet their burden to present expert testimony regarding a breach of the duty of care. *See Hamby v. Univ. of Ky. Medical Center*, 844 S.W.2d 431, 434 (Ky. Ct. App. 1992); *Harmon v. Rust*, 420 S.W.2d 563, 564 (Ky. 1967). The plaintiffs have proffered the opinion of Nancy Dion, a nursing expert with forty-five years of experience, on the issue of the hospital's duty to Milby to protect him from falling. The United States asserts both that the VAMC cannot be held liable under the standard of care advanced by Dion and that in fact there was no applicable or recognized medical standard of care for falls prevention at the time the incident occurred.

Milby and the United States have proffered widely differing expert opinions on the factual issues of the appropriate duty of care in this medical malpractice action and whether a breach occurred, *see Hamby*, 844 S.W.2d at 434; *Harmon*, 420 S.W.2d at 564, and these genuine disputes of material fact preclude summary judgment. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Further disputes of material fact include but are not limited to whether the appropriate duty of care would have required the hospital to place

2

Milby in a room where he could be more easily and constantly observed; and whether the alarm on Milby's bed had been deactivated at the time he fell.

Accordingly,

**IT IS ORDERED** that the United States' motion for summary judgment (R. 46) is **DENIED**.

Signed on  August 15, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**