# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

CIVIL ACTION NO. 08-650-JBC

RANDY MILBY and
FREDDIE MILBY,                                                        PLAINTIFFS,

V.                          <u>MEMORANDUM ORDER AND OPINION</u>

UNITED STATES OF AMERICA,                                        DEFENDANT.

* * * * * * * * * * *

This matter is before the court upon the United States' motion *in limine* to
exclude evidence of social security damages (R. 48). Because the court finds that
evidence of Social Security disability benefits would be excluded under Kentucky's
wrongful death statute, but evidence of Social Security retirement benefits would
be permitted, the court will deny the motion in part and grant it in part.

This action arises out of an alleged fall suffered by Holland Milby at the
VAMC in September 2004 that the executors of Milby's estate claim is causally
related to his death in January 2005. As part of the alleged wrongful death
damages, the plaintiffs claim an estimated $64,320.00 in lost Social Security
benefits that Milby would have received had he lived to the average age set forth in
the expectancy tables.

The United States asserts that evidence of social security damages is
inadmissible because the Kentucky wrongful death statute, as interpreted for
purposes of the Federal Tort Claims Act, 28 U.S.C. § 2674, *see Young v. United*

*States*, 71 F.3d 1238, 1241 (6th Cir. 1995); *Crider v. United States*, 885 F.2d 294, 296 (5th Cir. 1989), has been held to provide that "the measure of damages in a wrongful death action in this state is the damage to the estate by the destruction of the decedent's power to labor and earn money." *W.L. Harper Co. v. Slusher*, 469 S.W.2d 955, 959 (Ky. 1971). The Kentucky Supreme Court has not spoken on this issue, and this court has issued conflicting interpretations of Kentucky law.

In *Meinhart v. Campbell*, No. 3:07-CV-465-H, 2009 WL 4508579 (W.D. Ky. Dec. 1, 2009), the court held that Kentucky would broadly construe the wrongful death statute to include all losses to the estate, including the loss of Social Security disability benefits. Soon afterward, the Kentucky Court of Appeals addressed this issue in *Aull v. Houston*, --- S.W.3d ---, No. 2008-CS-1238, 2010 WL 1814839 (Ky. Ct. App. May 7, 2010), where it held that the rule from *Slusher* "juxtaposes the decedent's 'power to labor' on the one hand and the 'earn[ing of] money' on the other in a cause-and-effect relationship." *Id*. at *4. Because Social Security disability benefits are not earned through one's labor, the court reasoned, their loss is not caused by the destruction of the decedent's power to labor in a wrongful death action, and the loss of disability benefits is therefore properly excluded from damages calculations in a wrongful death action. *Id.* Finally, in *Radford v. DVA Renal Healthcare, Inc.*, No. 5:08-CV-00176-R, 2010 WL 4779927 (W.D. Ky. Nov. 16, 2010), the court held that even though *Aull* is not controlling

authority, it is a better indication of how Kentucky would rule on the issue than the federal court's interpretation in *Meinhart*.

The circumstances in *Aull* are inapposite to the case at hand. *Aull* dealt with a wrongful death action brought when a severely disabled child was alleged to have died as a result of medical negligence. The parents admitted that their child, because of his disability, would never have been able to work to earn money. *Aull* at \*3. The court therefore held that because the wrongful death statute compensates only for damages resulting from the destruction of the decedent's ability to labor, the fact that the defendants had not destroyed the child's ability to labor precluded liability for possible future earnings or future disability insurance payments. *Id*. at \*5. In so holding, the *Aull* court summarily affirmed the trial court's conclusion that Social Security disability benefits are not earned. *Id*. at \*4. To earn something is to acquire it by labor, service, or performance; or to merit or deserve, as for labor or service. BLACK'S LAW DICTIONARY 508 (6th ed. 1992). A person earns Social Security disability benefits in the sense that those benefits are available only to a person who has worked for a requisite period of time and are limited by the amount of Social Security credits the person earned before the onset of the disability. *See* 42 U.S.C. § 423(a) (a person is eligible for disability insurance benefits if he or she would have been a fully insured individual upon reaching retirement age and has a certain amount of accrued credits); 42 U.S.C. § 414(a) (a fully insured individual is a person who has not less than 40 quarters of coverage); *see also* How You Earn Credits, SSA Publication No. 05-10072, Jan.

2011, ICN 467510 ("You qualify for Social Security benefits by earning Social Security credits when you work in a job and pay Social Security taxes.").  The child at issue in *Aull* would never have been personally entitled to Social Security disability benefits because he would have been incapable of earning Social Security credits.  In this case, however, Milby is alleged to have worked long enough to qualify for Social Security retirement benefits, which would necessarily have also entitled him to Social Security disability benefits were he disabled.

Though the facts in *Aull* do not lend themselves to the determination of the facts at issue in this case, *Aull's* interpretation of the Kentucky wrongful death statute in terms of the rule that requires damages to be caused "by the destruction of the decedent's power to labor *and* earn money" is reasonable.  *Aull* at *4. Though Social Security disability benefits are earned through labor, this earning is more a threshold determination—because a person worked at one time, he is entitled under Social Security to receive public support because he is no longer able to work.  If a person is currently receiving disability benefits, his power to labor has necessarily already been destroyed; therefore, a defendant in a wrongful death action would be incapable of destroying that person's power to labor and earn money.  Accordingly, the court agrees with the holdings of *Aull* and *Radford* that Social Security disability benefits are properly excluded from damage calculations under the Kentucky wrongful death statute.

The plaintiffs in this case do not disagree with the assertion that Social Security disability benefits should be excluded from damages calculations; rather,

they distinguish between Social Security disability benefits and Social Security retirement benefits, asserting that the latter are deferred income previously earned and therefore within the scope of the Kentucky wrongful death statute. This particular distinction has also not been directly addressed by the Kentucky courts.

Kentucky has, however, addressed the issue of whether income from a pension can be considered as evidence of damages under the wrongful death statute. In *Heskamp v. Bradshaw's Adm'r*, 172 S.W.2d 447 (Ky. 1943), the issue was whether a jury in a wrongful death action could properly be informed of income that the decedent would have received from his pension. The *Heskamp* court held that "the decedent had earned the pension by his services in the past, and, under such circumstances, it is more reasonable to believe that a pension will continue until the pensioner's death than to believe that any salary or wages being earned by a man of advanced years will continue until his death." *Id.* at 451. The pension in question was not a replacement for income, but was instead deferred income previously earned through the decedent's power to labor. *Aull* at *3. *Heskamp* preceded *Slusher*; however, as the *Aull* court reasoned, the rule that wrongful death damages are available only as a result of the destruction of one's ability to labor and earn money would not preclude one from recovering money owed as a result of labor already performed. *Id*. at *3.

Kentucky has previously distinguished disability income from retirement income in other contexts. In *Holman v. Holman*, 84 S.W.3d 903 (Ky. 2002), the court held in determining marital property distinctions that an individual's city

5

pension benefits are a form of deferred compensation and savings, but that same individual's city disability benefits are a replacement for wages and are therefore not earned as compensation for working. *Id*. at 907. This distinction applies equally well to Social Security disability and retirement benefits. The essential difference between the two, for purposes of this case, is that retirement benefits function as deferred compensation to an individual who has spent the majority of his or her adult life laboring to earn money while disability benefits serve as a replacement for wages to those whose ability to labor and earn money was cut short by a disability.

Social Security retirement benefits are earned in a fashion similar to a pension. Social Security retirement benefits vest, like a pension, when one has earned the requisite amount of credits and has reached the requisite age. *See* 42 U.S.C. § 402(a) (a person is eligible for old-age insurance benefits if he or she is a fully insured individual, meaning he or she has accrued 40 quarters of coverage while working in a job and paying Social Security taxes, and has reached retirement age). A person earns the right to Social Security retirement benefits by spending his productive years contributing to society and paying taxes. *See Flemming v. Nestor*, 363 U.S. 603, 610 (1960) (citing *Helvering v. Davis*, 301 U.S. 619, 641 (1937)) ("The 'right' to Social Security benefits is in one sense 'earned'" because "those who in their productive years were functioning members of the economy may justly call upon that economy, in their later years, for protection from 'the rigors of the poor house . . .'"). The Kentucky wrongful death statute would

properly include evidence of Social Security retirement benefits because those benefits are money that the decedent directly earned through his power to labor. A defendant that wrongfully causes the death of such a person has terminated that person's ability to collect that money that he or she has earned.

The United States argues that because Social Security benefits do not create "accrued property rights" for due process purposes, *Flemming v. Nestor*, 363 U.S. 603, 610 (1960), those benefits are not "'earned' in any way." *Aull* at *3. However, whether a person has earned Social Security retirement benefits is an entirely separate issue from whether that person has a property right in those benefits such that deprivation of them implicates due process. *See Flemming* at 610 (holding that Social Security benefits are earned through labor, but because Congress has the power to modify the Social Security system at any time, deprivation of those benefits for a reason set forth by Congress is not a due process violation).

Accordingly,

The United States' motion (R. 48) is **GRANTED IN PART** and **DENIED IN PART**. Evidence of Social Security disability benefits will be excluded, but evidence of Social Security retirement benefits will be permitted.

Signed on August 23, 2011

Jennifer B. Coffman, Judge
United States District Court